## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT A. BRATTON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:06-cv-0400-SEB-VSS |
| ) | |
| MARION COUNTY SHERIFF, ) | |
| ) | |
| Defendant. ) | |

### E N T R Y

    The statute of limitations applicable to the claim plaintiff Robert A. Bratton, Jr. ("Bratton") asserts is two (2) years. *Forman v. Richmond Police Department,* 104 F.3d 950 (7th Cir. 1997) ("[T]he two-year Indiana statute of limitations for personal injuries (IND. CODE § 34-1-2-2) applies to § 1983 claims.")(citing *Perez v. Sifel,* 57 F.3d 503, 505 (7th Cir. 1995)). When a § 1983 claim accrues is an issue of federal law, see *Sellars v. Perry,* 80 F.3d 243, 245 (7th Cir. 1996), and the federal rule is that a claim accrues when the plaintiff knows both the existence and the cause of his injury. *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993). Under Indiana law, a cause of action for a personal injury claim accrues and the statute of limitation begins to run "when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Wehling v. Citizens Nat'l Bank,* 586 N.E.2d 840, 843 (Ind. 1992). The last day on which Bratton's claim could have accrued was his departure from the Marion County Jail on December 8, 2003.

    Bratton was given a period of time in which to show cause why the complaint should not be dismissed for failure to state a claim upon which relief can be granted because this action was filed more than two (2) years after his release from the Marion County Jail on December 8, 2003. He has responded through his filing of July 24, 2006, and based on the information set forth in that document finds that the complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915A(b). See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999) ("A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'")(quoting 28 U.S.C. § 1915A(b)(1)). The reason this disposition is compelled is that Bratton's claim accrued more than two (2) years before the filing of either the original complaint or the amended complaint (each in 2006), and hence is barred by the 2-year statute of limitations applicable to such claim. *Myles v. United States,* 416 F.3d 551 (7th Cir. 2005).

"[I]f a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck-he has pleaded himself out of court.'" *Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996) (*quoting Thomas v. Farley,* 31 F.3d 557, 558-59 (7th Cir. 1994)). That is the case here. Accordingly, the action must be dismissed pursuant to § 1915A(b) and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/25/2006

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana